NOT DESIGNATED FOR PUBLICATION

No. 116,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHELLI NEWMAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed July 21, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN, and POWELL, JJ.

LEBEN, J.: Shelli Newman appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. She contends that the district court abused its discretion by sending her to prison rather than giving her another chance on probation.

But Newman fled from her probation officer to avoid going to jail after she tested positive for drugs, and Kansas law allows a judge to revoke probation and impose the underlying prison sentence—without further chances on probation—when the offender "absconds" from probation. See K.S.A. 2016 Supp. 22-3716(c)(8). What Hurst did represents the core meaning of absconding—departing suddenly, especially to avoid arrest. See *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 5, 348 P.3d 997 (2015). We

therefore find no error in the district court's decision to revoke Newman's probation and require that she serve her prison sentence.

Newman was convicted of felony theft, a felony because she had been convicted of two other thefts within 5 years. See K.S.A. 2016 Supp. 21-5801(b)(6). The district court sentenced her to serve a 12-month probation with an underlying 7-month prison sentence to be served if she was unsuccessful on probation.

Newman admitted at her sentencing that she had used methamphetamines only a week before, and the court ordered as part of her probation conditions that she obtain a drug-and-alcohol evaluation, that she not use illegal drugs, and that she submit to drug testing when requested by her probation officer. The court also ordered that Newman have a drug test that day to confirm her statement that she hadn't used methamphetamines for the past week.

She didn't report for that drug test, and when she was tested a few days later she tested positive for methamphetamine and amphetamines. At a hearing, she admitted violating her probation. The court reinstated probation and gave her a sanction of 3 days in jail. The court said that she could schedule the 3-day period at her convenience if she tested clean for drugs that day; if she tested positive, however, the court ordered that she begin the 3-day jail sanction immediately. She told the court she would have a clean test result.

Instead, she tested positive that day for methamphetamines and amphetamines. But she did not go to jail; she simply walked out. Newman admitted at a hearing that she had violated her probation again, this time by failing to serve the 3-day jail sanction, by failing to refrain from drug use, and by testing positive for drug use.

Her probation officer, Terri Hayes, testified that she had given a drug test to Newman after her first probation-violation hearing. After Hayes told Newman that a saliva test had been positive for methamphetamines and amphetamines, Hayes began reading Newman her *Miranda* rights, apparently as a first step in taking her into custody. Hayes said that Newman then stood up, said, "I'm out of here," and left. Hayes called courthouse security personnel, but Newman apparently left the courthouse before those officers could intercept her at the front entrance.

The district court found that Newman had absconded when she left after being advised of the positive result. The court said that Newman knew, based on her earlier experience on this probation, that she was to be arrested at that time to serve the 3-day jail sanction and that she "fled [the] probation office to avoid arrest." The court revoked her probation and ordered that she serve her prison sentence.

Newman has appealed to this court. But once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, but its provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has absconded. The district court's finding here that Newman absconded is supported by evidence presented at the probation-violation hearing. See *Huckey*, 51 Kan. App. 2d 451, Syl. ¶¶ 5-6; *State v. Ramirez*, No. 114,816, 2016 WL 7178464, at *4 (Kan. App. 2016) (unpublished opinion).

Accordingly, we review the district court's decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). We find nothing unreasonable about the district court's decision here. Newman had already been given a

3

second chance at probation, and she directly defied the court's order that she serve the 3-day sanction immediately if she tested positive for drug usage.

On Newman's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Newman's probation.

The district court's judgment is therefore affirmed.